# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**       Plaintiff, vs. **MICHAEL D. VALLEE, JR.,**       Defendant. | CASE NO: CR03-262-N-EJL MEMORANDUM ORDER |

Pursuant to United States v. Booker, 125 S. Ct. 738, 769 (2005) and United States v. Ameline, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc), the Ninth Circuit remanded this case to allow the Court to consider whether it would impose the same sentence had the sentencing guidelines been advisory rather than mandatory at the time of the original sentencing. See Docket No. 62. The Defendant subsequently filed a Notice of Intent to Request Resentencing (Docket No. 40) and memorandum in support of resentencing (Docket No. 41). The United States filed a response to the motion (Docket No. 42). No reply brief was filed by the Defendant.

For the reasons set forth below, the Court has determined that it would not have imposed a materially different sentence under advisory guidelines. Thus, Defendant's original sentence stands, subject to appellate review based on the Booker reasonableness standard. See Ameline, 409 F.3d at 1074-75; 1085.

## BACKGROUND

Defendant Michael Vallee pled guilty to sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a). The Court sentenced Mr. Vallee to 30 months imprisonment to be followed by 3 years supervised release and $100 special assessment fee. See Judgment (Docket No. 19). The Plea

Agreement provided the parties would both recommend a sentence at the high end of the applicable guideline range, but that Defendant would be free to seek a departure for the 7 months he served in tribal custody due to the same criminal conduct. At the sentencing hearing, the Court granted the Defendant's departure motion and reduced the offense level from level of 15, criminal history of IV with a range of 30 to 37 months to an offense level of 13, criminal history of IV with a range of 24 to 30 months. The Court, in accordance with the terms of the Plea Agreement, sentenced the Defendant to 30 months imprisonment. The Defendant filed a direct appeal and the Ninth Circuit remanded the sentence for further proceedings consistent with <u>Ameline</u>.

In accordance with the procedures set forth in <u>Ameline</u>, the Court provided Defendant with an opportunity to opt out of resentencing and sought briefs from counsel regarding whether or not the sentence should be materially different. In his brief, Defendant contends that he should be resentenced as the Court was unable to take certain information into consideration under the mandatory Sentencing Guidelines. The Government responds that the Court should not impose a materially different sentence under the now advisory Sentencing Guidelines.

## APPLICABLE LAW AND DISCUSSION

<u>Ameline</u> instructs that if a district court judge determines that the sentence imposed would not have differed materially under an advisory guideline scheme, the judge "should place on the record a decision not to resentence, with an appropriate explanation." <u>Id.</u> at 1085.

In making its determination on remand, the Court has examined Presentence Report and Addendum prepared for the original sentencing; Defendant's Objections to Presentence Investigator's Report (Docket No. 17); the transcript of the original sentencing hearing, the briefs of the parties, and <u>Booker</u> and <u>Ameline</u>.

While many Defendants have argued before this Court that the Guidelines should not be the starting point for determining a reasonable sentence, this Court has consistently adhered to the principle that the guidelines *are* the starting point and that a sentence should be outside the guidelines only if the guidelines sentence is unreasonable after taking into consideration the factors enumerated

in 18 U.S.C. § 3553(a).[1]  The Court will apply that approach when addressing the issue raised by Defendant.

The Court notes that Mr. Vallee's projected release date is June 27, 2006.  The Court agrees with the Defendant that the request for resentencing is not moot as this Court could order the immediate release of the Defendant and/or modify the term or conditions of the supervised release as a form of relief if the Court determined the sentence in this case would not have been materially different under advisory guidelines.  See United States v. Allen, 434 F.3d 1166 (9th Cir. 2006).

Defendant argues the Court should sentence the Defendant to a lower sentence based on the Defendant's age and background which the Court could not properly consider at the original sentencing.  The Court respectfully disagrees. The Defendants family background and his age were taken into account by the Court at the time of sentencing.  The Presentence Investigation Report as well as the Defendant's and his counsel's statements at the sentencing hearing were considered by the Court prior to the Court entering its judgment.  The Court was not bound by the Plea Agreement and could have sentenced the Defendant to less than 30 months after it granted the Defendant's motion for a downward departure.  The Court sentenced the Defendant at the high end of the reduced offense level based on the Defendant's criminal history and his sexual behavior which makes him a danger to society.  While it is true that the Defendant was only 19 at the time of the offense, the Defendant is the father of two children and was old enough to know right from wrong when he had sexual intercourse with a 13 year old girl.  While the Defendant's age and family history is relevant, the Court does not find the Defendant's background warrants a lower sentence now that the Guidelines are advisory.       Defendant also argues the Court should lower the sentence based on the Defendant's belief that the federal prosecution violated the double jeopardy clause.  Defendant's counsel concedes the federal prosecution is not a violation of the double jeopardy clause, but argues the Defendant's lack of knowledge of this complex issue is a basis for a further reduction in his sentence.  Again, the

---

[1] The § 3553(a) factors may be summarized as:  nature and circumstances of the offense; history and characteristics of the defendant; need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; need for adequate deterrence; need to protect the public; need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; kinds of sentences available; kinds of sentences and sentencing range established by the Guidelines; Sentencing Commission policy statements; need to avoid sentencing disparities; and the need for restitution.

Memorandum Order -Page 3
06ORDERS\VALLEE.WPD

Court respectfully disagrees.  The double jeopardy argument is without merit and the Defendant's confusion over a legal issue is not a proper basis for departure when the Defendant was represented by competent counsel.  Moreover, the Court's reduction for the entire time spent in tribal custody allowed the Court impose a reasonable and just sentence on the Defendant.

Finally, the Court adopts the Presentence Investigation Report and the Addendum as well as the Court's rulings at the sentencing hearing as a basis for denying Defendant's arguments his sentence should be lowered.  The Court finds the original sentence imposed to be reasonable based on the advisory Guidelines and considering all of the sentencing factors set forth in 18 U.S.C. § 3553.  After addressing the issues presented by the Defendant in the memorandum in support of resentencing, the Court finds the Defendant's sentence would not have been materially different under advisory guidelines and the request for resentencing should be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Notice for Resentencing deemed a motion for resentencing (Docket No. 40) is DENIED.

IT IS FURTHER HEREBY ORDERED that the sentence imposed on July 13, 2004 would not have been materially different under advisory guidelines.  See Judgment, Docket No. 19.  Therefore, the original sentence stands, subject to appellate review based on the reasonableness standard established in Booker.

DATED: **April 5, 2006**

Honorable Edward J. Lodge
U. S. District Judge